

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| JOHNNIE MAE WRIGHT,          § | |
|     Plaintiff,          § | |
| § | |
| vs.          § | CIVIL ACTION NO. 5:13-2100-MGL-KDW |
| § | |
| CAROLYN W. COLVIN,          § | |
| Acting Commissioner of Social Security,          § | |
|     Defendant.          § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING DEFENDANT'S DECISION

    This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). Plaintiff is represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's decision be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

    The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 18, 2014, Plaintiff filed her objections on September 5, 2014, and Defendant filed her reply on September 22, 2014. The Court has carefully considered the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff contends that her disability commenced on September 30, 2007. The Administrate Law Judge (ALJ) denied her claim and the Appeals Council declined her request for review–thus making the ALJ's denial of the claim Defendant's final decision for purposes of judicial review. Plaintiff's claim for DIB and SSI is based on pain and other symptoms in her left leg. As noted above, the Magistrate Judge recommends that the Court affirm Defendant's final decision.

Many of the arguments that Plaintiff makes in her objections are the same ones that the Magistrate Judge has already considered and rejected. Because the Court agrees with the Magistrate Judge's treatment of those issues, it need not repeat the analysis here. Thus, the Court will discuss only those objections in which Plaintiff specifically assigns error to a determination made by the Magistrate Judge. Most of these alleged errors concern instances when the Magistrate Judge cites the ALJ's finding with approval.

First, Plaintiff complains that "the Magistrate Judge notes that [Plaintiff] described the demands of her job as a housekeeper in a report of contact and in her hearing testimony. However, the ALJ did not reference those descriptions in her decision." Objections 3 (citation omitted). Thus, according to Plaintiff, "the ALJ erroneously concluded that [Plaintiff] could perform her past relevant work as it was actually performed without any discussion of how the job was performed." *Id*.

According to SS 82-62, "[t]he [Residual Functional Capacity (RFC)] to meet the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant

2

performed or the same kind of work as it is customarily performed throughout the economy) is generally a sufficient basis for a finding of 'not disabled.'" So, although Plaintiff complains that she was unable to perform her past relevant work as she actually performed it, the ALJ's conclusion that she was not disabled was not based on that. Instead, the ALJ based her decision that Plaintiff was not disabled on her finding that Plaintiff could perform her past work as it is customarily performed throughout the economy. And, it was appropriate for the ALJ to rely on the Vocational Expert's testimony and the Dictionary of Occupational Titles to make this determination. Therefore, how Plaintiff actually performed her job is of no moment and the ALJ did not need to discuss it in her decision. As such, the Court will overrule this objection.

Second, Plaintiff objects to the Magistrate Judge's finding "that the ALJ properly fulfilled the first requirement of SSR 82-62 by finding [Plaintiff] had the RFC to perform less than the full range of light work with additional postural limitations." Objections 3 (citation omitted) (internal quotation marks omitted). More specifically, according to Plaintiff, "Dr. [Joseph] Gonzales, a state agency medical consultant[,] . . . found credible [Plaintiff's] allegations regarding being able to walk 30 minutes before pain would cause her to need to stop." Objections 3 (citation omitted). But that is not exactly what Dr. Gonzales stated. What Dr. Gonzales actually wrote is that "[s]ymptoms of can walk 30 minutes before pain begins is credible. . . ., [household] chores, walks to grocery store[,] appears capable of sustaining light work." Transcript 320. There is no mention that Plaintiff would be required to stop walking after thirty minutes. Therefore, because Dr. Gonzales did not suggest the limitation that Plaintiff maintains that he did, the Court will overrule this objection, as well.

Third, Plaintiff takes issue with the Magistrate Judge's determination that the ALJ properly evaluated her credibility. This objection is comprised of four subparts. First, according to Plaintiff, the ALJ erred when she stated that there was no evidence that Plaintiff sought any low cost or no cost medical services that may have provided treatment and medications for her condition. Objections 6. Second, Plaintiff avers that the ALJ erred in finding that Plaintiff's "daily activities were inconsistent with disabling limitations considering that 'disabling' in this case means an inability to return to past relevant work." *Id*. 8. Third, Plaintiff avows that the ALJ improperly "cited [Plaintiff's] receipt of unemployment benefits as a reason to find her less than credible when that was not a bar to a favorable ruling." *Id*. And fourth, Plaintiff maintains that, "Despite these errors, the Magistrate Judge finds the ALJ's decision is supported by substantial evidence [even though] the Magistrate Judge does not indicate specifically what evidence supports the decision." *Id*. at 9. The Court will consider each of these subparts of Plaintiff's third objection in turn.

Regarding Plaintiff's assertion that the ALJ erred in her assertion that Plaintiff failed to take advantage of any low cost or no cost medical services for her condition, here is the ALJ's statement in context:

> Despite complaints of allegedly disabling symptoms beginning in September 2007, the record revealed no treatment for [Plaintiff's] alleged musculoskeletal impairment prior to May 2008, when she . . . complained of left keen pain and swelling from a fall at work two months earlier.
>
> Moreover, there is no evidence of treatment for [Plaintiff's] knee condition beyond January 2009. Pursuant to 20 C.F.R. § 404.1512 and § 416.912, it is [Plaintiff's] responsibility to provide medical evidence showing that she has an impairment and the severity of that impairment during the time she alleges that she is disabled. 20 C.F.R. § 404.1508 and § 416.908 provide[] that a physical or mental impairment must be established by medical evidence consisting of

4

> signs and laboratory findings and not only by [Plaintiff's] statement of symptoms.  While [Plaintiff] alleged she only takes over-the-counter pain medication and is not being treated because she has no income or health insurance, there are agencies, such as the county health departments, that supply medical services.  However, there is no indication that [Plaintiff] sought out any services that may have provided treatment and medications on a low cost or no cost basis.

Transcript 18 (citation omitted).

As a preliminary matter, it appears from the record that Plaintiff was treated in May 2008 by the Saint James Santee Health Center, a federally qualified health center.  Thus, the ALJ erred in stating that "there is no indication that [Plaintiff] sought out any services that may have provided treatment and medications on a low cost or no cost basis."  But the error is harmless.  Reading the ALJ's statement in context, it is evident that, even if the ALJ had known that Saint James Santee Health Center had provided Plaintiff with low cost or no cost medical care, it would not have changed her credibility determination.  The problem as the ALJ saw it was that Plaintiff had failed to obtain treatment for her condition before May 2008 and after January 2009 although: (1) there were low cost and no cost options for treatment available and (2) Plaintiff alleged that she was disabled from September 2007 through the date of the ALJ's decision in March 2012.  In other words, during the fifty-four months that Plaintiff claimed that she was disabled, she sought treatment for her condition during a span of only nine of those fifty-four months–although there were low cost or no cost alternatives for treatment.  That Plaintiff received  low cost or no cost treatment in May 2008 from a federally qualified heath center is beside the point and had nothing to do with the ALJ's credibility determination.

Concerning the issue of Plaintiff's daily activities, the ALJ states in her decision that "[t]he documentary evidence of record in conjunction with [Plaintiff's] testimony indicates that she was able

5

to care for her personal hygiene and needs independently, do household chores, and walk about thirty minutes to the grocery store. Such activities are inconsistent with complaints of disabling limitations." Transcript 18 (citation omitted). This is in keeping with the Fourth Circuit's statement that "[t]he only fair manner to weigh a subjective complaint of pain is to examine how the pain affects the routine of life." *Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994). Of course, that Plaintiff is able to engage in these activities is not dispositive of Plaintiff's ability to return to her past work. But it does support the ALJ's conclusion that her alleged pain is not as severe as she asserts that it is.

As to Plaintiff's receipt of unemployment benefits, the ALJ wrote: "Also detracting from [Plaintiff's] credibility is the fact that she received unemployment benefits following her last full-time employment. Acceptance of unemployment benefits, which entails as assertion of the ability to work, is facially inconsistent with the claim of disability, although it is not a bar to a favorable . . . ruling." Transcript 18 (citation omitted). It is axiomatic that Plaintiff's signing "documents stating that [s]he was capable of working . . . is clearly inconsistent with [her] claim of disability during the same period," *Barrett v. Shalala*, 38 F.3d 1019, 1024 (8th Cir. 1994). Thus, the ALJ properly took Plaintiff's receipt of unemployment benefits into consideration.

Finally, regarding Plaintiff's complaint that the Magistrate Judge did not literally list the substantial evidence that she thought supported the ALJ's credibility determination, the Court is unaware of any such requirement. What the Magistrate Judge did do, however, was to discuss the substantial evidence that the ALJ used in concluding that Plaintiff was less than credible. For instance, the Magistrate Judge noted that the ALJ found that "the medical evidence did not substantiate Plaintiff's claims regarding the severity of her impairments and the functional limitations

6

imposed by her impairments." Report 12. She also remarked that, "[a]lthough Plaintiff alleges a disability onset date of September 2007, the ALJ noted that 'the record revealed no treatment for her alleged musculoskeletal impairment prior to May 2008' and there was 'no evidence of treatment for her knee condition beyond January 2009.'" *Id*. at 13 (quoting Transcript 18). Moreover, the Magistrate Judge recognized the ALJ's finding that Plaintiff's ability to carry on with her daily activities was "inconsistent with complaints of disabling limitations." *Id.* (quoting Transcript 18) (internal citation marks omitted). The Magistrate Judge further observed that the ALJ found that "Plaintiff's acceptance of unemployment benefits 'entail[ed] an assertion of the ability to work' . . . was 'facially inconsistent with the claim of disability.'" *Id*. (quoting Transcript 18). Hence, by citing the ALJ's findings with approval, the Magistrate Judge made clear the specific substantial evidence that she thought supported the ALJ's credibility determination. Thus, the Court will overrule Plaintiff's third objection.

In sum, the Court holds that there is substantial evidence to support the ALJ's conclusion that Plaintiff was not disabled from September 30, 2007, to the time of the ALJ's decision denying her request for DIB and SSI. And, the determination is reasonable. Therefore, the Court will affirm the Defendant's final decision denying Plaintiff's claims for DIB and SSI.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report to the extent that it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of the Court that Defendant's final decision denying Plaintiff's claim for DIB and SSI is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 15th day of October, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis<br>
MARY G. LEWIS<br>
UNITED STATES DISTRICT JUDGE